UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Thomas Walter Thorne**                     Docket No. 5:04-CR-191-1BO

**Petition for Action on Supervised Release**

COMES NOW Scott Plaster, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Thomas Walter Thorne, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With the Intent to Distribute More Than 50 Grams of Cocaine Base (Crack), was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on March 29, 2005, to the custody of the Bureau of Prisons for a term of 150 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

On May 5, 2009, the defendant's term of imprisonment was reduced from 150 months to 135 months. All other conditions of the original judgment remained the same.

Thomas Walter Thorne was released from custody on April 11, 2014, at which time the term of supervised release commenced.

On June 24, 2015, the conditions of supervised release were modified to add 24 hours of community service as directed by the probation office in response to the defendant's arrest for the offense of Driving While Impaired and Possession of Open Container/Consume Alcohol in Passenger Area, offenses the defendant admitted to committing. The court was also informed the defendant submitted drug tests on June 8 and 12, 2015, which were positive for cocaine. He was referred for substance abuse treatment and returned to the beginning phase of the Surprise Urinalysis Program.

As a result of the defendant testing positive for cocaine on October 13, 2015, and committing the offense of Driving While License Revoked on October 15, 2015, the conditions of supervision were modified in December 2015, to include two weekends in the custody of the Bureau of Prisons.

On January 19, 2017, the defendant's conditions of supervised release were modified to include 40 hours of community service work following the defendant's use of cocaine which was detected as a result of a drug test on December 14, 2016. It was noted then that the defendant had not tested positive for illegal drugs for over a year, and he was able to have his driving privileges restored. He also returned to substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant failed to submit to urinalysis testing on June 6, July 6, July 17, August 7, and August 31, 2017. The defendant tested positive for cocaine and marijuana on August 29, 2017. When confronted at the end of July about his initial failures to submit to urinalysis testing, the defendant stated he was having problems at home and wanted the probation officer to do whatever needed to be done to have him locked up. The probation officer talked with the defendant at length, and the defendant said he wanted to take steps to address his problems without returning to prison. When the defendant failed to return to substance abuse treatment as instructed, he was confronted on August 29, 2017. At that time, he admitted he had relapsed, and his problems at home stemmed from his drug use. After initially saying he wanted to go back to prison, he said he wanted to tackle his problems head-on if the probation officer would give him one more chance. Rather than return to court, it is recommended the defendant submit to a curfew with location monitoring for a period not to exceed 60 days in addition to consenting to warrantless searches by the probation officer. If there are additional violations related to a failure to participate in substance abuse treatment, testing, or ongoing substance abuse is detected, the court will be notified with a recommendation

to revoke the defendant's supervised release term. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

2. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of his/her, person and premises, including any vehicle, to determine compliance with the conditions, of this judgment.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

/s/ Jeffrey L. Keller
Jeffrey L. Keller
Supervising U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8808
Executed On: September 14, 2017

### ORDER OF THE COURT

Considered and ordered this __15__ day of __Sept__, 2017, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge