UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S.A. vs. Thomas Walter Thorne                               Docket No. 5:04-CR-191-1BO

### Petition for Action on Supervised Release

COMES NOW Scott Plaster, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Thomas Walter Thorne, who, upon an earlier plea of guilty to Conspiracy to Distribute and Possess With the Intent to Distribute More Than 50 Grams of Cocaine Base (Crack), was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on March 29, 2005, to the custody of the Bureau of Prisons for a term of 150 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

On May 5, 2009, the defendant's term of imprisonment was reduced from 150 months to 135 months. All other conditions of the original judgment remained the same.

Thomas Walter Thorne was released from custody on April 11, 2014, at which time the term of supervised release commenced.

On June 24, 2015, the conditions of supervised release were modified to add 24 hours of community service as directed by the probation office in response to the defendant's arrest for the offense of Driving While Impaired and Possession of Open Container/Consume Alcohol in Passenger Area, offenses the defendant admitted to committing. The court was also informed the defendant submitted drug tests on June 8 and 12, 2015, which were positive for cocaine. He was referred for substance abuse treatment and returned to the beginning phase of the Surprise Urinalysis Program.

As a result of the defendant testing positive for cocaine on October 13, 2015, and committing the offense of Driving While License Revoked on October 15, 2015, the conditions of supervision were modified in December 2015, to include two weekends in the custody of the Bureau of Prisons.

On January 19, 2017, the defendant's conditions of supervised release were modified to include 40 hours of community service work following the defendant's use of cocaine which was detected as a result of a drug test on December 14, 2016. It was noted then that the defendant had not tested positive for illegal drugs for over a year, and he was able to have his driving privileges restored. He also returned to substance abuse treatment.

As a result of the defendant failing to submit to urinalysis testing five times over a period of three months and for testing positive for cocaine and marijuana on August 29, 2017, the conditions of supervised release were modified on September 15, 2017, to add a curfew, with location monitoring, for 60 days, in addition to warrantless searches.

A Violation Report was submitted to the court on October 17, 2017, advising the court that the defendant had tested positive for cocaine on September 20, 2017. On October 19, 2017, the court agreed to allow the defendant to continue under supervision while the defendant remained under a curfew, as well as the defendant's participation in substance abuse treatment and the Surprise Urinalysis Program.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On February 6, 2018, the defendant submitted to urinalysis testing in accordance with the Surprise Urinalysis Program. When confronted with the results of the test, the defendant admitted using cocaine with his brother-in-law while watching the Super Bowl. Thorne has accepted responsibility for his

Thomas Walter Thorne
Docket No. 5:04-CR-191-1BO
Petition For Action
Page 2

actions and understands that he needs to change his associations and confront his addiction to cocaine. Should the defendant test positive for the use of illegal drugs again within the next six months, he faces a mandatory return to court for revocation proceedings. However, since the defendant continues to participate in substance abuse treatment, as well as the Surprise Urinalysis Program, it is recommended the defendant be subjected to a curfew, with location monitoring, for a period of 90 days. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 90 consecutive days. The defendant is restricted to their residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Jeffrey L. Keller
Jeffrey L. Keller
Supervising U.S. Probation Officer

/s/ Scott Plaster
Scott Plaster
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 919-861-8808
Executed On: March 6, 2018

## ORDER OF THE COURT

Considered and ordered this ___6___ day of ___March___, 2018, and ordered filed and made a part of the records in the above case.

Terrence W. Boyle
U.S. District Judge